UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lori Gillespie | Civil 99-1526 JRT/FLN [#25] |
| Mary Cutter | Civil 99-1567 JRT/FLN [#18] |
| Steven Mortenson | Civil 99-1569 JRT/FLN [#15] |
| Frank Zastrow | Civil 99-1571 JRT/FLN [#14] |
| Kingdom Kanu | Civil 99-1575 JRT/FLN [#14] |
| Rene Masinda | Civil 99-1576 JRT/FLN [#24] |
| Nicole Plocher | Civil 99-1577 JRT/FLN [#24] |
| Amy Oelrich | Civil 99-1616 JRT/FLN [#13] |
| Thomas Olson | Civil 99-1617 JRT/FLN [#15] |
| Erin Johnson | Civil 99-1618 JRT/FLN [#24] |
| Mel Gregory Peacock | Civil 99-1802 JRT/FLN [#16] |
| Everett Larson | Civil 99-1850 JRT/FLN [#16] |
| Terry Struzyk | Civil 99-1736 JRT/FLN [#22] |
| Festo Ebongu | Civil 99-1784 JRT/FLN [#14] |
| William Spears | Civil 99-1786 JRT/FLN [#17] |
| Stephen Adeyinka | Civil 99-1787 JRT/FLN [#16] |
| Mary Jane Meyer | Civil 99-1789 JRT/FLN [#17] |
| Marc Peacock | Civil 99-1796 JRT/FLN [#16] |
| Aristotle Trinity | Civil 99-1798 JRT/FLN [#16] |
| Kristin Hoefling | Civil 99-1799 JRT/FLN [#16] |
| Wanda Poston-Killion | Civil 99-1800 JRT/FLN [#16] |
| Chadwick Holton | Civil 99-1801 JRT/FLN [#16] |
| Mary Hartell | Civil 99-1849 JRT/FLN [#16] |
| Bonnie Beaumont | Civil 00-1093 JRT/FLN [#09] |

Plaintiffs,

v. **ORDER**

Prudential Ins. Co.,

Defendant.

---

THERESA FREEMAN, ROBIN WILLIAMS & JOHN DEGNAN for Plaintiffs.
NEIL ABRAMSON, CHARLES LENTZ & LLOYD CHIN for Defendant.

---

**THIS MATTER** came before the undersigned Magistrate Judge on January 16, 2001, on Plaintiffs' Motions to Compel Discovery and for Attorney Fees [## 25, 18, 15, 14, 14, 24, 24, 13,

FILED FEB 2 6 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED
DEPUTY CLERK

15, 24, 16, 16, 22, 14, 17, 16, 17, 16, 16, 16, 16, 16, 16 & 9 respectively]. For the reasons which follow, the Court will deny Plaintiffs' motions.

**Plaintiffs' Motions to Compel Discovery and for Attorney Fees**

Fed. R. Civ. P. 37 permits a discovering party to move for an order to compel a complete response to properly submitted interrogatories or requests for production. The motion must include a certification that the movant has "in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B).

The certification must show this Court a genuine two-way communication wherein both parties engaged in meaningful dialogue to resolve each specific discovery dispute without judicial intervention. The certification must include, inter alia, (1) the names of the parties who conferred or attempted to confer, (2) the manner by which they communicated, (3) the date and time of that communication, (4) the specific discovery disputes discussed, and (5) the results of their meaningful discussions, if any, or an explanation as to why such meaningful discussions were not had. With a proper certification, the court may then determine whether the moving party has, in good faith, actually conferred or attempted to confer with the opposing party. See Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 172-73 (D. Nev. 1996).

Plaintiffs' counsel has failed to provide to the Court an adequate certification that she has in good faith conferred or attempted to confer with Defendant's counsel in order to resolve the discovery disputes. Specifically, the certification alleges no facts which demonstrate a good faith conferment. Plaintiffs' counsel placed only one telephone call to Defendant's counsel five days after receiving the Defendant's discovery responses. (See Affidavit of Robin Ann Williams at 2). In fact, rather than negotiate a reasonable solution, Plaintiffs' counsel merely filed the

Motions to Compel two days after the teleconference partially resolved issues involving the first two document requests. Accordingly, this Court finds that no meaningful discussions were held since the Plaintiffs failed to exhaust their meet and confer obligations in an effort to resolve the discovery disputes without judicial intervention. See Marvin Lumbar & Cedar Co. v. PPG Indus., 168 F.R.D. 641, 646 n.2 (D. Minn. 1996). Because the Plaintiffs acted without making a good faith effort to obtain discovery, awarding reasonable expenses to Plaintiffs for bringing their motions would be inappropriate.

Having said that, it does appear that Defendant's counsel resolved some of the Plaintiffs' discovery disputes prior to the Hearing only because the Motions to compel were before the Court. Indeed, the record suggests that Defendant's discovery responses were not made in good faith. But were made with the intent to delay the discovery process by engaging Plaintiffs in needless negotiation over the adequacy of Defendant's responses. The Court does not look favorably upon attempts to obstruct or frustrate the discovery process and reminds both parties that they are expected to do all that is within their power to amicably resolve discovery disputes between themselves.

If, after good faith discussions the parties are still unable to resolve these disputes, the Plaintiffs may renew their motions. The Court will not hesitate to impose the sanctions contemplated by Fed.R.Civ.P. 37(a)(4) upon the party whose conduct necessitated the motions.

Based upon the files, records, and proceedings herein, it is hereby **ORDERED** that:

1. Plaintiffs' Motions to Compel Discovery and for Attorney Fees [## 25, 18, 15, 14, 14, 24, 24, 13, 15, 24, 16, 16, 22, 14, 17, 16, 17, 16, 16, 16, 16, 16, 16 & 9 respectively] are **DENIED**.

DATED: 2/23, 2001.

FRANKLIN L. NOEL
Chief Magistrate Judge